## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CHRISTOPHER CLINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTIMATE FITNESS GROUP, LLC d/b/a ORANGETHEORY FITNESS,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff, Christopher Cline ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through the undersigned counsel, hereby files this Class Action Complaint and Jury Demand against Ultimate Fitness Group, LLC d/b/a Orangetheory Fitness ("Defendant" or "Orangetheory") for damages, injunctive relief, equitable relief, and any other relief deemed just and proper arising from Defendant's violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Federal Communications Commission ("FCC") rules promulgated thereunder, 47 C.F.R. §§ 64.1200(d) and (e) ("Rules").

## NATURE OF CASE

1. Plaintiff brings this Class Action Complaint against Defendant to seek redress for Defendant's willful violations of the TCPA, and the Rules, by sending telemarketing texts to Plaintiff's telephone using automatic telephone dialing systems ("ATDS") without their express written consent, and by placing telemarketing texts to Plaintiff's and other class members' cellular telephones in the absence of or after they had withdrawn any consent for such calls.

## JURISDICTION AND VENUE

2. This Court has original federal question and subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq.* This action arises under the laws of the United States.

3. Venue is proper under 28 U.S.C. § 1391 inasmuch as the Defendant is based here, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

4. At all times relevant, Defendant conducted, and continues to conduct, a substantial amount of business activity and violated the TCPA and Rules, in whole or in part, in this judicial district. Defendant is registered to conduct business in Florida and in this district, and engaged in interstate commerce when it called or attempted to call Plaintiff and the members of the proposed class (defined below) in this district. Defendant also advertised and promoted its business and derived substantial revenue in this district. Plaintiff resides in this district and received calls from Defendant while residing in this district.

## PARTIES

5. Plaintiff Christopher Cline is a citizen of Florida.

6. Defendant Orangetheory is a limited liability company organized under the laws of Delaware with its principal place of business at 6000 Broken Sound Pkwy NW, Suite 201, Boca Raton, FL 33487. It is a franchisor of fitness studios. Reporting system-wide revenue of over $738 million in 2017, Orangetheory currently has more than 880 open fitness studios. It is on pace to have over 1,130 open studios by the end of 2018. Orangetheory signed 291 new franchise development agreements in 2017 alone.

7. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, agents, servants, or employees

committed such act or omission and that, at the time such act or omission was committed, it was done with the actual or apparent authority, ratification or approval of the Defendant, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## LEGAL BASIS FOR COMPLAINT

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227). The statute requires the FCC to promulgate rules to protect telephone subscribers' privacy rights, 47 U.S.C. § 227(c), and permits a private right of action for violations of such rules. 47 U.S.C. § 227(c)(5).

9. All calls to cellular telephones placed using an ATDS violate the TCPA if the calling party does not first obtain prior express consent from the called party. 47 U.S.C. § 227(b)(i)(A)(iii) and (B). The FCC has determined that this statute encompasses calls placed by text messaging, as well as voice calls. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Dkt. No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Dkt. No. 02-278, Report and Order, 30 FCC Rcd. 7961, 8016-18, ¶¶ 107-110 (2015) ("2015 FCC Order"). The FCC has defined prior express consent as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 464.1200(f)(8).

3

10. The TCPA provides for statutory damages of $500 for each call placed in violation of TCPA and the Rules, which may be trebled if the violation is willful. 47 U.S.C. § 227(b)(3).

## FACTS RELATING TO PLAINTIFF'S INDIVIDUAL CLAIMS

11. Plaintiff joined an Orangetheory gym in May or June 2016, and withdrew from membership by the Fall of 2016.

12. On September 18, 2017, long after Plaintiff's membership with Orangetheory had lapsed, Defendant sent an unsolicited text to Plaintiff's cellular phone advertising an offer to join a new Orangetheory location. Plaintiff responded by indicating that he did not wish to be contacted again and admonished Defendant for unlawfully contacting him on his cellular phone without permission. A screenshot copy of the texts is attached below.



13. On October 6, 2017, Plaintiff received on his cellular phone a second text from Defendant, again advertising a new Orangetheory location. Plaintiff again responded by

indicating that he had not provided permission to be contacted and did not want to be contacted. A screenshot copy of the texts is attached below.



14. The caller ID on Plaintiff's phone showed that the above texts were received from (407) 477-5388, which is the telephone number of Orangetheory's new location in the Sodo [South of Orlando] neighborhood.

15. Defendants' texts were made for the purpose of marketing services at a new Orangetheory location. Defendant's calls to place these texts were made without the prior express written consent of Plaintiff.

16. Orangetheory transmitted telemarketing texts to Plaintiff and other members of the class using an ATDS as defined by the FCC. During the proposed Class Period, Orangetheory contracted with Textmunication, a California-based company that specializes in advertising campaigns for the fitness industry using texting. Textmunication boasts on its website that it provides its clients with "direct carrier connections for text messaging," and an

5

Orangetheory representative endorsed Textmunication, stating: "Texting is a very effective tool to get your message to clients and potential clients. Textmunication allows you to use that tool in a very user friendly and simple platform with an online dashboard that allows you to monitor results." The FCC has found, "the equipment used to originate Internet-to-phone text messages to wireless numbers via email or via a wireless carrier's web portal is an 'automatic telephone dialing system.'" *See* 2015 FCC Order at 8018, ¶ 111. Textmunication's own website states that its relationship with at least one Orangetheory location continues until the present day.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the following class (the "Class"):

> All individuals in the United States whose telephone numbers had been assigned to cellular phones, and who received texts sent by or on behalf of Defendant placed through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from January 1, 2014 to the date this Class is certified, without prior express written consent.

18. The following individuals are excluded from the proposed class: (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and the current or former officers and directors of any of the foregoing; (2) persons who properly execute and file a timely request for exclusion from the Class; (3) the legal representatives, successors or assigns of any such excluded persons; and (4) persons whose claims against Defendant have otherwise been fully and finally adjudicated and/or released.

19. Plaintiff reserves the right to amend the Class definition and to seek recovery on behalf of additional persons as warranted as additional facts are learned in further investigation and discovery.

20. Plaintiff and the members of the proposed Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class members without their express written consent, thereby invading the privacy of Plaintiff and Class members, and subjecting Plaintiff and the Class members to annoying and harassing texts that constitute a nuisance.

## NUMEROSITY

21. The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

22. According to a "case study" published by Textmunication, Defendant's texting campaign directed at former members and guests at just one Orangetheory location in Placerville, California involved transmission of 1,434 texts. Defendant has awarded over 1,000 franchises to date, the vast majority of which are located in the United States, and it intends to open as many as 300 new franchises in 2018. Even if unconsented texts were limited to new locations, this alone would represent thousands of texts sent in the past four years. Moreover, in light of the fact that Plaintiff lives more than 40 miles from the Sodo Orangetheory location and the message he received was sent, *at a minimum*, to all former Orangetheory members in the greater Orlando region for which Orangetheory had a text-capable telephone number, it is likely that several hundred texts were sent in relation to that location alone.

## COMMONALITY

23. There are many questions of law and fact common to the claims of Plaintiff and the proposed Class, and those questions predominate over any questions that may affect individual members of the proposed Class.

24. Common questions for the proposed Class include, but are not necessarily limited to the following:

a. Whether Defendant had a practice of texting persons for telemarketing purposes on their cellular phones without their prior express written consent;

b. Whether Defendant used an ATDS for its telemarketing via text program;

c. Whether Defendant's conduct violated the TCPA;

d. Whether Class members are entitled to treble damages based on the willful and/or knowing nature of Defendant's conduct; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

## TYPICALITY

25. Plaintiff's claims are typical of the claims of the other members of the Class.

26. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

## ASCERTAINABILITY

27. Among other things, members of the proposed Class can be ascertained through Defendant's records. Upon information and belief, Defendant and/or its affiliates maintain computerized records showing the names and telephone numbers that it calls.

## ADEQUACY OF REPRESENTATION

28. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions involving violations of federal and state consumer protection statutes, including claims under the TCPA.

29. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

## SUPERIORITY

30. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given, among other things, that joinder of all parties is impracticable. Classwide relief is essential to compel Defendant to comply with the TCPA.

31. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

32. Even if members of the proposed Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA and Rules complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIMS FOR RELIEF

### (Violations of the TCPA, 47 U.S.C. §227, *et seq.*)

33. Plaintiff and each member of the proposed Class re-allege and incorporate by reference each and every allegation of this Complaint contained in each of the previous paragraphs, as if more fully set forth herein.

34. Defendant transmitted texts to Plaintiff on his cellular phone that were made using an ATDS, without his express written consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant's acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, and accompanying regulations, Plaintiff and each member of the proposed Class are entitled to damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

37. Plaintiff and the members of the proposed Class are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief:

   a. An order certifying this matter as a class action pursuant to Federal Rules of Civil Procedure 23 with Plaintiff as Class Representative;

   b. An order designating Wenzel Fenton Cabassa, P.A.; Berger & Montague, P.C.; and Hunter & Kmiec as Class Counsel;

   c. An award of actual and statutory damages of $500 for each and every statutory violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

   d. An award of actual and statutory damages of up to $1,500 for each and every willful/and or wanton violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

   e. Injunctive relief prohibiting such violations of the TCPA and Rules by Defendant in the future;

   f. Pre-judgment interest on monetary relief;

   g. Post-judgment interest on monetary relief;

   h. An award of attorneys' fees and costs to the fullest extent permitted by law; and

    i.   Any and all other relief the Court deems just and equitable.

<b><u>JURY DEMAND</u></b>

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 12, 2018.        WENZEL FENTON CABASSA, P.A.

By: */Steven G. Wenzel/*
Steven G. Wenzel
FL Bar No.: 159055
WENZEL FENTON CABASSA P.A.
1110 North Florida Avenue
Suite 300
Tampa, FL  33602
Tel.:    (813) 223-6545
Fax:    (81) 229-8712
Email:  swenzel@wfclaw.com
Email: rcooke@wfclaw.com
*Attorney for Plaintiff and proposed class*