**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTOPHER CLINE, individually
and on behalf of all others similarly
situated,

   Plaintiff,

  v.

ULTIMATE FITNESS GROUP, LLC
d/b/a ORANGETHEORY FITNESS,

   Defendant.

Case No: 6:18-cv-771-RBD-GJK

## PROPOSED SCHEDULING ORDER AND CASE MANAGEMENT REPORT

Plaintiff Christopher Cline ("Plaintiff"), on behalf of himself and the class he

proposes to represent, along with Defendant Ultimate Fitness Group, LLC d/b/a

Orangetheory Fitness ("Defendant", and, together with Plaintiff and the proposed class,

the "Parties"), by their undersigned counsel, respectfully submit the following proposed

scheduling order and case management report.

[*Remainder of page intentionally left blank.*]

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CHRISTOPHER CLINE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>ULTIMATE FITNESS GROUP, LLC d/b/a ORANGETHEORY FITNESS,<br><br>    Defendant. | Case No: 6:18-cv-771-RBD-GJK |

**[PROPOSED] SCHEDULING ORDER**

The Court, after considering the Joint Case Management Report below and reviewing the case file, enters this case-specific order which controls the conduct of this litigation pending further order of the Court. The following actions shall be completed by the date indicated below.[1]

| Event | Deadline |
|---|---|
| **Deadline to Add Parties** | August 1, 2018 |
| **Deadline for Plaintiff's Amended Pleadings** | August 1, 2018 |
| **Deadline for Defendant's Final Amended Pleadings** | August 31, 2018 |
| **Deadline for Plaintiff to File Class Certification Motion** | *Plaintiff proposes:*<br>*May 16, 2019*<br>*Defendant proposes:*<br>*November 16, 2018* |
| **Deadline for Defendant to File Opposition to** | *Plaintiff proposes:* |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| **Plaintiff's Motion for Class Certification** | *June 14, 2019*<br>*Defendant proposes:*<br>*December 14, 2018* |
| **Plaintiff's Disclosure of Expert Report and Expert Rebuttal Report** | January 15, 2019 and March 1, 2019 |
| **Defendant's Disclosure of Expert Report** | February 15, 2019 |
| **Discovery Deadline**<br><br>[All discovery must be commenced in time to be completed before this date] | April 29, 2019 |
| **Dispositive and <u>Daubert</u> Motions**<br><br>Deadline for Motions:<br><br>Deadline for Oppositions:<br><br>Deadline for Replies: | <br><br>May 16, 2019<br><br>June 12, 2019<br><br>June 26, 2019 |
| **Deadline for Mediation** | September 13, 2019 (August 13, 2019 to inform the Court if the parties cannot agree on a mediator) |
| **Notice of intent to offer certified records** | September 13, 2019 |
| **Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form** | September 13, 2019 |
| **Motions in Limine** | October , 2019 |
| **Pretrial Conference** | November 14, 2019 |
| **Trial Term Begins** | January 2020 |

## CASE MANAGEMENT REPORT

**1)** **Meeting of Parties:**

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on Monday, May 7, 2018 at 2:00pm Eastern by telephone. James Hunter and Keenan Kmiec of Hunter & Kmiec attended on behalf of Plaintiff and the proposed class, and Trumon Phillips of DLA Piper LLP (US) attended on behalf of Defendant.

**2)** **Initial Disclosures:**

a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1).[2]

b. The parties agree to exchange information referenced by Fed. R. Civ. P. 26(a)(1)(A)(D) on or before May 21, 2018.[3]

---

[2] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[3] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court

3) **Discovery Plan - Plaintiff:**

The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued.

Unless otherwise noted, the time period for Plaintiff's discovery requests extends from January 1, 2014 until the present. Plaintiff intends to request discovery concerning the allegations in his class action complaint, and any claims or defenses that have been or could be raised by any party to the above-captioned litigation.

Plaintiff has knowledge regarding the factual allegations in his Class Action Complaint (Dkt. No. 1) (the "Complaint") pertaining to himself, including texts received on his cellular phone; whether or not he provided the requisite prior express written consent; and the damages he suffered. Plaintiff may be contacted through Plaintiff's undersigned counsel.

Plaintiff believes that officers, employees and agents of Defendant Ultimate Fitness Group, LLC d/b/a Orangetheory Fitness ("Orangetheory" or "Defendant") are likely to have discoverable information that Plaintiff may use to support or defend his individual and class claims. Those persons may include but are not limited to: Ellen Lathan M.S., Partner at Orangetheory; Dave Long, Chief Executive Officer of Orangetheory; Jerome Kern, Managing Partner of Ultimate Fitness Group, LLC; David Hardy, Partner at Orangetheory.

Plaintiff believes that the above persons are current or former Orangetheory employees and that Orangetheory has contact information for them. Plaintiff further believes that the above persons have information regarding, among other things, Orangetheory's policies and practices regarding telemarketing and lead generation, regulatory compliance, and computer/telephone systems and operations.

---

order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

Plaintiff believes that Orangetheory may have contracted with third party vendors in obtaining telemarketing leads that were used to text Plaintiff and/or other members of the class. These third parties may include, but are not limited to: Textmunication.

Plaintiff believes that an Orangetheory employee named "Kyla", if she exists, may have discoverable information that Plaintiff may use to support or defend his individual and class claims.

Plaintiff believes that through discovery additional Orangetheory employees and agents, and potentially other witnesses, with relevant information will be identified. For example, Plaintiff believes that discovery will reveal individuals employed by Orangetheory franchises in Sodo, Florida and Placerville, California, who are likely to have discoverable information that Plaintiff may use to support or defend his individual and class claims.

None of the foregoing is intended to limit the scope of Plaintiff's discovery in any way. Plaintiff intends to pursue discovery as to each of the topics mentioned above, among others, via one or more of the methods discussed below. Plaintiff will be in a better position to the individuals possessing discoverable information related to his claims once Defendant serves its initial disclosures on or before May 21, 2018. Plaintiff intends to conduct all of his discovery, including expert discovery, by no later than November 30, 2018.

> (1)   <u>Requests for Admission</u>:
>
> Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.
>
> Plaintiff will serve requests for admission on Defendant as discussed earlier in this section. Plaintiff will serve these requests within the relevant agreed-upon deadlines set out herein.
>
> (2)   <u>Written Interrogatories</u>:
>
> Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Plaintiff will serve interrogatories on Defendant as discussed earlier in this section.  Plaintiff will serve these interrogatories within the relevant agreed-upon deadlines set out herein.

(3) <u>Requests for Production or Inspection</u>:

Plaintiff will serve requests for production or inspection on Defendant as discussed earlier in this section.  Plaintiff will serve these requests within the relevant agreed-upon deadlines set out herein.

(4) <u>Oral Depositions</u>:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

At this time, the parties do not intend to stipulate/request a court order to extend the time to take the deposition of any individuals.

Plaintiff will serve deposition notices and take depositions as discussed earlier in this section.  Plaintiff will serve deposition notices and take depositions within the relevant agreed-upon deadlines set out herein.

b. <u>Disclosure of Expert Testimony</u>:

Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted above.

c. <u>Supplementation of Disclosures and Responses</u>:

Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: ongoing.

d. <u>Completion of Discovery</u>:

Plaintiff will commence all discovery in time for it to be completed on or before the deadline set out above.

4) **Discovery Plan - Defendant:**

The parties jointly propose the following Defendant's discovery plan:

    a.    <u>Defendant's Planned Discovery</u>:

A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued.

    Defendant intends to request discovery concerning the allegations in Plaintiff's class action complaint, and any claims or defenses that have been or could be raised by any party to the above-captioned litigation.

    Defendant believes Plaintiff has knowledge regarding the factual allegations in his Class Action Complaint (Dkt. No. 1) (the "Complaint") pertaining to himself, including texts received on his cellular phone; whether he provided prior consent and the nature of such consent as well as his claimed damages.

    None of the foregoing is intended to limit the scope of Defendant's discovery in any way. Defendant intends to pursue discovery as to each of the topics mentioned above, among others, via one or more of the methods discussed below. Defendant will conduct all of its discovery, including expert discovery, by the deadline set forth in the attached Proposed Scheduling Order.

    (1)    <u>Requests for Admission</u>:

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

Defendant will serve requests for admission on Plaintiff as discussed earlier in this section. Defendant will serve these requests within the relevant agreed-upon deadlines set out herein.

    (2)    <u>Written Interrogatories</u>:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including

all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Defendant will serve interrogatories on Plaintiff as discussed earlier in this section. Defendant will serve these interrogatories within the relevant agreed-upon deadlines set out herein.

(3)  Requests for Production or Inspection:

Defendant will serve requests for production or inspection on Plaintiff as discussed earlier in this section. Defendant will serve these requests within the relevant agreed-upon deadlines set out herein.

(4)  Oral Depositions:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

Defendant will serve deposition notices and take depositions as discussed earlier in this section. Defendant will serve deposition notices and take depositions within the relevant agreed-upon deadlines set out herein.

b.  Disclosure of Expert Testimony:

Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted above:

c.  Supplementation of Disclosures and Responses:

Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: ongoing

d.  Completion of Discovery:

Defendant will commence all discovery in time for it to be completed on or before the deadline set out above.

**5)    Joint Discovery Plan - Other Matters:**

Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

The parties intend to submit a confidentiality stipulation for the Court to so order. The parties have conferred about other discovery matters and do not foresee any issues at this time.

**6)    Disagreement or Unresolved Issues Concerning Discovery Matters:**

Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:  None.

**7)    Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:**

Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be (Note time limit in Local Rule 4.03.) as provided in the proposed scheduling order above.

**8)    Settlement and Alternative Dispute Resolution:**

Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

At this point, the Parties agree that settlement is unlikely.

Parties do not agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

**9)    Consent to Magistrate Judge Jurisdiction:**

The parties do not agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.   See 28 U.S.C. § 636.

At this point, the parties do not expect to agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial, in the future.

**10)   Preliminary Pretrial Conference:**

All cases will be given a <u>final</u> pretrial conference. However, if the parties cannot agree or otherwise have issues regarding the dates set forth in the case management report, they can request a <u>preliminary</u> pretrial conference, which occurs prior to the Court issuing a scheduling order. If you are requesting a pretrial conference, please indicate the issues to be addressed at the preliminary pretrial conference in the space below.

If this is a Track Three Case, Local Rule 3.05(c)(3)(B) provides that a preliminary pretrial conference is mandatory.

\_\_\_\_\_request (check one)  **X** do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

**11)   Final Pretrial Conference and Trial:**

Parties agree that they will be ready for a final pretrial conference and jury trial as set out above.

This **jury** trial is expected to take approximately 26 hours.

**12)   Pretrial Disclosures and Final Pretrial Procedures:**

Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

**13)   Other Matters:**

Additional discovery deadlines are included in the parties' proposed scheduling order above.

Date: May 21, 2018                                            Respectfully submitted,

_/s/ Steven G. Wenzel_____          _/s/ J. Trumon Phillips_____
Steven G. Wenzel                                              Fredrick H.L. McClure
Florida Bar No. 159055                                        Florida Bar No. 147354
swenzel@wfclaw.com                                            J. Trumon Phillips
WENZEL FENTON CABASSA PA                                      Florida Bar No. 0084568
1110 N. Florida Ave., Suite 300                               DLA PIPER LLP (US)
Tampa, FL 33602-3343                                          3111 W. Dr. Martin Luther King Jr. Blvd.
Tel: (813) 579-2483                                           Suite 300
Fax: (813) 229-8712                                           Tampa, FL 33607-6233
                                                              Phone: (813) 229-2111
BERGER & MONTAGUE, P.C.                                       Fax:   (813) 229-1447
Shanon J. Carson (*)                                          Email: fredrick.mcclure@dlapiper.com
Arthur Stock (*)                                                     trumon.phillips@dlapiper.com
Lane L. Vines (*)
1622 Locust Street                                            Edward D. Totino (*admitted pro hac vice*)
Philadelphia, PA 19103                                        DLA PIPER LLP (US)
Tel.:   (215) 875-3000                                        2000 Avenue of the Stars,
Fax:    (215) 875-4604                                        Suite 400 North Tower
Email:  scarson@bm.net                                        Los Angeles, CA 90067
        astock@bm.net                                         Phone: 310-595-3000
        lvines@bm.net                                         Fax: 310-595-3300
                                                              Email: edward.totino@dlapiper.com
HUNTER & KMIEC
James A. Hunter (*)                                           *Attorneys for Defendant Ultimate Fitness*
255 West 94th Street, No. 10M                                 *Group, LLC d/b/a Orangetheory Fitness*
New York, NY 10025
Tel.:   (646) 666-0122
Fax:    (646) 462-3356
Email:  hunter@hunterkmiec.com

HUNTER & KMIEC
Keenan D. Kmiec (*)
14020 Old Harbor Lane No. 107
Marina Del Rey, California 90292
Tel.:   (917) 859-7970
Fax:    (646) 462-3356
Email:  kmiec@hunterkmiec.com

(*)     Admitted pro hac vice

   *Attorneys for Plaintiff Christopher Cline
   and the Proposed Class*